# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **DOUGLAS ALAN HESS** ) | |
|    Plaintiff, ) | Civil Action No. 1:11cv00029 |
| ) | |
| ) | |
| v. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| ) | |
| **CAROLYN W. COLVIN**, ) | |
|  **Acting Commissioner of** ) | By: PAMELA MEADE SARGENT |
|  **Social Security,** ) | UNITED STATES MAGISTRATE JUDGE |
|    Defendant. ) | |

In this social security action, I am asked to rule on a motion for an attorney's fee, (Docket Item No. 25) ("Motion"). Based on the reasoning set out below, the Motion will be granted.

Douglas Alan Hess filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying his claim for a period of disability and disability insurance benefits, ("DIB"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. § 423. (West 2011). Jurisdiction of this court exists pursuant to 42 U.S.C. § 405(g). The Commissioner answered the suit, filing the administrative record. Thereafter, the court, by order entered April 23, 2012, vacated the Commissioner's decision denying benefits and remanded the case to the Commissioner for further consideration. (Docket Item No. 19.) Counsel for Hess filed a petition for an award of fees under the Equal Access to Justice Act, ("EAJA"), found at 28 U.S.C. § 2412(d). (Docket Item No. 20). By order entered May 31, 2012, this court awarded EAJA fees to Hess's

counsel in the amount of $981.25. (Docket Item No. 24). Counsel for Hess now has filed a petition seeking approval of a fee of $3,000.00 for representing Hess in this court, pursuant to 42 U.S.C.A. § 406(b). (Docket Item No. 25.) The Commissioner responded to the motion, not objecting to the plaintiff's request for a fee. (Docket Item No. 29.)

In proceedings under title II of the Act, the court is authorized to determine and allow a "reasonable [attorney's] fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C.A. § 406(b)(1)(A) (West 2011). The Fourth Circuit, construing the legislative history, has held that the 25 percent limit includes any separate fee authorized by the Commissioner for services rendered in the administrative proceedings. *See Morris v. Soc. Sec. Admin.,* 689 F.2d 495, 497 (4th Cir. 1982) (per curiam). Here, Hess has provided a Fee Authorization from the Regional Chief Administrative Law Judge, authorizing the collection of a fee in the amount of $12,581.25 for services performed before the Social Security Administration. (Docket Item No. 26-4).

The Supreme Court has held that a district court, in determining a fee under § 406(b)(1)(A), must consider the fee arrangement between the client and the attorney, including a contingency fee arrangement, as the first step in testing the requested fee for reasonableness. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 808 (2002). Hess's counsel has provided the court with a fee agreement dated April 4, 2008, in which Hess agreed to pay counsel 25 percent of his past-due Social Security benefits for representing him on his DIB claim if counsel was ultimately successful in pursuing the claim in this court. (Docket Item No. 26-5). Hess's counsel has provided the court with a copy of the Social Security Administration's April 3, 2013, Notice of Award Letter, which states that it withheld $20,672.25, or

25 percent, from Hess's past-due DIB benefits for payment of an attorney's fee. (Docket Item No. 26-1). Counsel also has provided a copy of the Social Security Administration's May 4, 2013, Notice of Award Letter, which states that it withheld $5,707.50, or 25 percent, from Kayleb Hess's child's benefits for payment of an attorney's fee. (Docket Item No. 26-2.) Finally, Hess's counsel has provided the court with a copy of the Social Security Administration's May 13, 2013, Notice of Award Letter, which states that it withheld $4,621.50, or 25 percent, from Joshua Hess's child's benefits for payment of an attorney's fee. (Docket Item No. 26-3). Thus, the total amount withheld for payment of an attorney's fee equals $31,001.25, which represents 25 percent of Hess's and Hess's family's total past-due DIB benefits.

Also, in determining a reasonable fee, courts should consider whether counsel's actions contributed to a delay allowing an accumulation of past-due benefits or whether the benefits awarded are large in comparison to the amount of time expended by the attorney. *See Gisbrecht*, 535 U.S. at 808. Furthermore, it appears proper for the court to consider the so-called "lodestar" method of fee determination, whereby a reasonable fee is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, to assess the reasonableness of the agreed fee. *See Gisbrecht*, 535 U.S. at 801-02 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) ("[t]he most useful starting point for [court determination of] the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). Also, the fee petitioner bears the burden of justifying a requested fee. *See Blum v. Stenson,* 465 U.S. 886, 896 n.11 (1984).

In the present case, Hess's counsel has supplied evidence that shows that a total of 13.25 hours was spent in representing Hess in this court. Counsel has not suggested an hourly rate for the work performed, nor has the Commissioner suggested what hourly rate would result in a proper fee. Counsel also has not divided the time expended into attorney time and nonattorney time.[1]

The court further notes, however, that "it is not proper to award a full attorney rate for activities that should more effectively be performed by nonlawyers." *Chapman v. Astrue*, 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (citing *Spell v. McDaniel*, 824 F.2d 1380, 1401-02 (4th Cir. 1987)). Additionally, "purely clerical tasks are ordinarily part of a law office's overhead and should not be compensated for at all." *Chapman*, 2009 WL 3764009, at *1 (citing *Keith v. Volpe*, 644 F. Supp. 1312, 1316 (C.D. Cal. 1986)). In *Chapman*, this court found that it is proper to award a reduced hourly rate for nonattorney time spent "on the theory that their work contributed to their supervising attorney's work product, was traditionally done and billed by attorneys, and could be done effectively by nonattorneys under supervision for a lower rate, thereby lowering overall litigation costs." 2009 WL 3764009, at *1 (quoting *Cook v. Brown*, 68 F.3d 447, 453 (Fed. Cir. 1995)).

Keeping these principles in mind, an examination of the itemized record submitted by counsel in this case makes clear that some of the time should be reduced or eliminated. Additionally, there are other billed activities that would more appropriately have been included at a nonattorney rate or are excessive.

---

[1] The court notes that three entries in the itemization of time reflect that they were performed by plaintiff's counsel. The remaining entries, however, do not specify by whom they were performed.

Plaintiff's counsel has claimed .50 hour of time for preparing a letter to Hess regarding the Appeals Council's denial of his claim, the appeals procedure to this court and forwarding the appropriate forms for the same. I recommend that the court allow .25 hour of attorney time and .25 hour of nonattorney time for these activities. Counsel also claims .50 hour of time for review of the file, the Appeals Council's denial and the medical evidence by the attorney. I find this request reasonable, and I recommend that the court allow .50 hour of attorney time. Counsel claims .25 hour of time for receipt of the IFP Application and Declaration of Net Worth from Hess. I recommend that the court allow .25 hour of nonattorney time for this. Plaintiff's counsel also claims 2.25 hours of time for preparation of a letter, the original and four copies of the Complaint, Civil Cover Sheet and IFP Application and filing of the same with this court. I recommend that the court allow .75 hour of nonattorney time for this. Counsel claims .25 hour of time for receipt of the notice of filing of the IFP Application and granting of the same, the notice of filing of the Complaint with attachments and Summons issued. I find this request reasonable, and I recommend that the court allow .25 hour of attorney time. While Plaintiff's counsel also lists receipt of the Complaint and Summons from this court for service on the itemization of time, there is no corresponding request associated with this entry. Counsel claims .25 hour of time for completion of service via the court's ECF system. I recommend that the court allow .25 hour of nonattorney time for this. Plaintiff's counsel also claims .25 hour of time for receipt of the Commissioner's Answer and notice of filing of the Transcript. I find this request reasonable, and I recommend that the court allow .25 hour of attorney time. Counsel claims .25 hour of time for receipt of the Magistrate Judge's Notice to Counsel and filing of a letter to the Clerk of this court with consent to the Magistrate Judge's jurisdiction. Plaintiff's counsel also claims .25 hour of time for receipt of the Transcript and .25 hour of time for receipt of the

Briefing Order and calendaring the due date for the Brief. I recommend that the court allow .25 hour of attorney time and .25 hour of nonattorney time for these activities combined. Plaintiff's counsel also claims 1.00 hour of time for review and preparation of the medicals for the Brief and 4.25 hours of time for review and preparation of research and drafting of the Brief. I recommend that the court allow 3.00 hours of attorney time and 2.25 hours of nonattorney time for these activities combined. Plaintiff's counsel also claims .25 hour of time for filing the Brief via ECF. I recommend that the court allow .25 hour of nonattorney time for this. Counsel claims .25 hour of time for receipt of the Commissioner's Motion for Summary Judgment and Brief and .25 hour of time for receipt of a Notice of Correction via ECF. I recommend that the court allow .25 hour of attorney time for these activities combined. Plaintiff's counsel also claims .25 hour of time for receipt of the order of referral to the Magistrate Judge. I find this request reasonable, and I recommend that the court allow .25 hour of attorney time. Counsel claims .50 hour of time for receipt and review of the Report and Recommendation remanding the case and forwarding a copy of the same to Hess. I also find this request reasonable, and I recommend that the court allow .50 hour of attorney time for this. Plaintiff's counsel also claims .50 hour of time for attorney review of the file, the case PDF and the electronic case file. I find this request reasonable, and I recommend that the court allow .50 hour of attorney time for this. Counsel claims .50 hour of time for receipt of the Judgment accepting the Report and Recommendation remanding the case and forwarding a copy of the same to Hess. I recommend that the court allow .25 hour of attorney time for this. Finally, Plaintiff's counsel claims .50 hour of time for taking a phone call from Hess regarding the remand, answering his questions and reviewing the file. I find this request reasonable, and I recommend that the court allow .50 hour of attorney time for this.

Based on the revisions stated above, the fee computation is divisible into two categories of costs: attorney time and nonattorney time. There is a total of 6.75 hours of attorney time and a total of 4.25 nonattorney time. This court has held that $75 is a reasonable hourly rate for nonattorney time. *See Chapman*, 2009 WL 3764009, at *2 (citing *Alexander S. v. Boyd*, 113 F.3d 1373, 1377 n.1 (4th Cir. 1997) (paralegal services compensated at $65 per hour where lead counsel compensated at $225 per hour and associate counsel at $100 per hour). At a $75 rate, $318.75 of the requested fee would be payable for nonattorney time. That would leave $2,681.25 for counsel's time, which, if paid for the remaining 6.75 hours of work, would result in a payment of approximately $397.22 per hour. While I cannot, in good conscience, find that a fee of nearly $400.00 an hour in a social security disability case is per se reasonable, I am, as stated above, obliged to consider Hess's fee agreement, which allowed for payment of 25 percent of past-due benefits. Additionally, the Government has responded to the Motion and states that it does not object to the award of the requested fee. Considering these things, and in light of the fact that counsel undertook this case under a contingency fee arrangement, assuming the risk of no payment if benefits were not awarded, I find that a total fee of $3,000.00 is reasonable for the attorney's services before this court. Moreover, the total of the attorney's fee now sought and a previously awarded fee of $12,581.25 for services provided before the Social Security Administration does not exceed 25 percent of the total of Hess's and Hess's family's past-due benefits. In fact, it appears that 25 percent of the past-due benefits is $31,001.25, which is $15,420.00 more than the total of the amount previously awarded and the amount now sought. Considering these things, I find that a total fee of $3,000.00 is reasonable for the attorney's services before this court. All of this being the case, I recommend that the court award the requested attorney's fee in the amount of $3,000.00.

Furthermore, an award of fees under 42 U.S.C. § 406(b)(1)(A) is deducted from the claimant's disability benefits, whereas an EAJA award is paid separately by the Government. Where attorney's fees are awarded under both provisions, as they have been in this case, the EAJA compensation serves as a reimbursement to the claimant for fees paid out of the disability award. In such a case, an attorney is not allowed a double recovery, in that the attorney must refund the amount of the smaller fee to the claimant. *See Gisbrecht,* 535 U.S. at 796 (quoting Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 1985 U.S.C.C.A.N. (99 Stat.) 186). Therefore, I recommend that the court order Hess's attorney to refund to Hess the $981.25 previously awarded under the EAJA.

## RECOMMENDED DISPOSITION

For the foregoing reasons, I recommend that the court grant the Motion and enter judgment awarding the plaintiff's attorney a fee of $3,000.00 and order counsel to refund to Hess the $981.25 previously awarded under the EAJA.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C.A. § 636(b)(1)(C) (West 2006 & Supp. 2013):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendation as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, United States District Judge.

DATED: July 7, 2014.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE